UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CELSO PEREZ NEGRETE,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES et al.,<br><br>Defendants. | CASE NO. 2:26-cv-01117-JNW<br><br>ORDER DENYING MOTION FOR DEFAULT AND TO SHOW CAUSE |

Plaintiff Celso Perez Negrete moves for default against Defendants United States Citizenship and Immigration Services (USCIS), Joseph B. Edlow, Director of USCIS, Markwayne Mullin, Secretary of the Department of Homeland Security, and Pamela Bondi[1], U.S. Attorney General ("Defendants"). Dkt. No. 12.

Perez Negrete is a citizen of Mexico married to a lawful permanent resident. Dkt. No. 2 ¶ 2. He is also the parent of a U.S. citizen. *Id.* ¶ 1. Perez Negrete alleges that on January 20, 2026, he filed a Form I-360, a Petition for Amerasian, Widow(er), or Special Immigrant under the Violence Against Women Act ("VAWA").

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Todd Blanche, as acting Attorney General, automatically substitutes in place of Defendant Pamela Bondi.

*Id.* He says USCIS never issued a notice of receipt for the Form I-360 petition, preventing his petition from moving forward. *Id.* ¶ 41.

On April 2, 2026, Perez Negrete filed a petition for writ of mandamus and complaint asking the Court to compel Defendants to issue a notice of receipt for his Form I-360 petition. Dkt. No. 1. He says he served Defendants on April 19, 2026, and that none have answered, filed a responsive pleading, or appeared. Dkt. No. 12.

But the returns of service Perez Negrete filed, Dkt. Nos. 8–11, indicate defective service. Federal Rule of Civil Procedure 4(i) governs service of process on the United States, its agencies, officers, and employees. Rule 4(i) provides that "[t]o serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2). To serve the United States, a plaintiff must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed by the court clerk—or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office; [*and*]
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.

Fed. R. Civ. P. 4(i)(1).

Here, the record shows no attempt to serve the United States Attorney for Western District of Washington or the civil process clerk at the United States

Attorney's Office before the 90-day deadline to complete service expired. Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice…."). Without service, the Court cannot enter default against Defendants.

Accordingly, the Court DENIES Perez Negrete's motion for default, Dkt. No. 12, without prejudice, and ORDERS Perez Negrete to SHOW CAUSE within FOURTEEN (14) days of this order why this action should not be dismissed without prejudice under Rule 4(m). Failure to respond to by this deadline will result in dismissal of this action. The Court DIRECTS the Clerk to note this deadline on the Court's calendar.

Dated this 21st day of August, 2026.

Jamal N. Whitehead
United States District Judge